| | |
|---|---|
| SUMMIT COUNTY, STATE OF COLORADO<br>DISTRICT COURT<br>Court Address:   P.O. Box 269<br>Breckenridge, CO 80424 | |
| **Paula Stanton,**<br>**Plaintiff,**<br><br>v.<br><br>**Encompass Indemnity, et al,**<br>**Defendant.** | EFILED Document<br>CO Summit County District Court 5th JD<br>Filing Date: Dec 14 2011 12:14PM MST<br>Filing ID: 41395072<br>Review Clerk: Chris Kilkenny<br><br>σ  COURT USE ONLY  σ<br>Case Number:<br>11CV679<br><br>Div. T |
| **ORDER FOR DISCOVERY PROTOCOL** | |

   The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case.

## PREAMBLE

   Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

   These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

## PLEADINGS NOT TO BE FILED WITH THE COURT

   Rules 5 (d) and 121, Section 1-12, CRCP provide that interrogatories, requests for admission, requests for production, depositions, and responses thereto are **NOT** to be filed with the court. Further, if relief is sought under Rules 26(c) or Rule 37(a), CRCP, only copies of the relevant <u>portions</u> of discovery are to be submitted. Finally, the court will not entertain Rule 37 (a) Motions unless accompanied by the required certification of conferring with counsel.

## WRITTEN DISCOVERY

1.   The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably

       calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5. Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

   a. The information required by C.R.C.P. 26(b)(5);

   b. The date of the information or material;

   c. All authors and recipients; and

   d. The specific privilege or protection which is claimed.

## DEPOSITIONS

1. Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure, including Rule 121, Section 1-12 regarding the scheduling of depositions.

2. During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a

       privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3. There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4. It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5. A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6. Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

**DATED: December 14, 2011**

BY THE COURT:

_____
Mark D. Thompson
District Court Judge