**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0069-WJM-CBS

PAULA STANTON,

    Plaintiff,

v.

ENCOMPASS INDEMNITY COMPANY, a Foreign corporation,
ARROW INSURANCE MANAGEMENT, INC., a Colorado corporation,

    Defendants.

---

**ORDER OF REMAND**

---

    Before the Court is Defendant Encompass Indemnity Company's ("Encompass") Notice of Removal. (ECF No. 1.) Because, as set forth below, the Court finds that there is not complete diversity, the Court remands this action to the Summit County, Colorado District Court.

    Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). When a case is originally filed in state court, there is a "strong presumption" against removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Encompass removed the above-captioned action to this Court solely on the basis of diversity jurisdiction. (ECF No. 1.) Encompass acknowledges that Plaintiff is a resident of Colorado and Defendant Arrow Insurance Management, Inc. ("Arrow") is a Colorado corporation. (*Id*. at 5.) Thus, on the face of the Complaint, there is not complete diversity between the parties. Encompass alleges, however, that Plaintiff fraudulently joined Arrow solely to defeat diversity and, therefore, the Court should disregard Arrow's presence in considering jurisdiction. (*Id*.)

Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). The party asserting fraudulent joinder faces a "heavy burden" and must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 2000 WL 525592, *1 (10th Cir. April 14, 2000).

Encompass contends that there is no possibility that Plaintiff will be able to establish a cause of action against Arrow in this case. (ECF No. 1 ¶ 21.) The Court disagrees. Plaintiff's claims in this case relate to Encompass's failure to pay benefits on an underinsured motorist policy that Plaintiff obtained through Arrow. (Complaint (ECF No. 2) at 1-2.) Plaintiff alleges that Arrow promised her that the insurance policy she purchased would "comply with Colorado laws as they applied to the sales and service of Encompass insurance products, goods and services." (*Id*. ¶ 15.)

Colorado recognizes a cause of action "predicated on the failure of an insurance broker or agent servicing the insurance needs of the plaintiff to procure a particular type of insurance coverage sought by the plaintiff." *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987). Given the allegations that Arrow made promises about the type of insurance it would procure for Plaintiff, the Court cannot say that there is <u>no possibility</u> that Plaintiff would be able to state a claim against Arrow. Thus, Defendant has failed to show that Arrow was fraudulently joined as a defendant. *Montano*, 2000 WL 525592 at *1.

Because Arrow was not fraudulently joined as a defendant in this action, there is not complete diversity between the parties. As such, this Court did not have original jurisdiction over this matter at the time it was filed, *see* 28 U.S.C. § 1332(a), and removal to this Court was not proper. *See id*. § 1441(a) (removal is proper where federal court had original jurisdiction over a case). Accordingly, remand of this case is appropriate. *See Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F.Supp.2d 1108, 1114 (D. Colo. 2000).

For the reasons set forth above, the Court REMANDS this action to the Summit County, Colorado District Court.

Dated this 13th day of January, 2012.

BY THE COURT:

William J. Martinez
United States District Judge